UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO ELIZALDE MONTOYA, | ) | 1:05-CV-01343-OWW-WMW-HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| W. J. SULLIVAN, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes the petition.

**PROCEDURAL HISTORY**

Petitioner was convicted following a jury trial in Kern County Superior Court of carjacking, auto theft, and reckless evading of a peace officer. The court sentenced him to serve a term of imprisonment of ten years, eight months.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. The Court of Appeal affirmed Petitioner's conviction and sentence. People v. Montoya, 126 Cal.Rptr.2nd 427 (2002).

Petitioner filed a petition for review with the California Supreme Court. The Supreme Court affirmed the judgment. People v. Montoya, 33 Cal.4th 1031 (2004).

On September 16, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The Supreme Court denied the petition without citation or comment on July 27, 2005.

**FACTUAL BACKGROUND**

The following facts are taken from the California Supreme Court's opinion on Petitioner's petition for direct review.

> Responding to a newspaper advertisement, defendant came to Amanda Locke's home in Kern County to see a car she was selling, a 1994 Jeep. After inspecting the car, defendant asked Locke to take him for a ride. About on-half mile from Locke's house, defendant asked her to pull over so he could drive. Locke complied. Defendant got into the driver's seat, but as Locke was entering the passenger side, defendant pulled a gun, ordered her out of the car, and drove off. Locke telephoned police from a nearby house. Bakersfield police officers pursued defendant in a high-speed chase into Los Angeles County, where they arrested him.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1         The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only


in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)(C). The Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Sufficiency of the Evidence Regarding Theft Auto

Petitioner contends as follows:

> Vehicle Code sec. 10851 subd. (a) provides: Any person who drives or tak[es] a vehicle not his or her own, without the consent of the owner thereof, and wit[h] intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . .
> Here in this case, I was giving [sic] permission to test drive the vehicle, that I was interested in buying. I then noticed flashing lights from a P.D. vehicle. I had a[n] expired driver's license and had been under the influence of methephamphamine [sic] and I in my drug

>induced stupor, attempted to avoid detention. I did not want to jerpordize [sic] a vehicle which I did not own as per Health and safety code.

In his traverse, Petitioner clarifies that in this contention, he alleges there was insufficient evidence to support his conviction of grant theft auto. Respondent disputes this contention.

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

Respondent argues that this claim is unexhausted, but also argues that it should be denied on the merits. The court agrees. As Respondent argues, the evidence was more than sufficient to support Petitioner's conviction of violating Vehicle Code § 10851(a). Evidence was presented that Petitioner took Locke's 1994 Jeep, without her consent. Evidence was also presented that he did so to either permanently or temporarily deprive Locke of her title or possession, when he forced Locke out of the passenger side of her vehicle and drove away. The fact that Petitioner testified to another scenario does not change the sufficiency of the evidence on which he was convicted. The credibility of witnesses is beyond habeas corpus review. Schlup v. Delo, 513 U.S. 298, 330 (1995). Accordingly, the court finds that Petitioner has failed to carry his burden of demonstrating a Constitutional violation, and that this claim provides no basis for habeas corpus relief.

Sufficiency of the Evidence Regarding Car Jacking

Petitioner contends as follows:

>Penal Code sec. 215 subd.(a) provides: "Carjacking" is the Felonious taking of a motor vehicle in the posses[s]ion of anot[h], from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or his possession, accomplished by means of force or fear . . .
>Appellant was charged and convicted of carjacking and unlawfully taking or driving the same vehicle. Hence forth: as a matter of fact, there is a clear distinction between V.C. 1085(a) and P.C. 215(a) . . . As per exhibit B defendant was acqui[t]ed for the use of a gun, removing the threat of force or fear pursuant to V. C. 10851(a).

In his traverse, Petitioner clarifies that he argues that the absence of force or fear negates the possibility of his conviction pursuant to Vehicle Code § 215(a). He further argues that the taking of the vehicle was lawful and with the consent of the owner of the vehicle. Respondent disputes this contention.

In addressing the contention, the California Supreme Court held as follows:

> In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." (§ 954, italics added; *People v. Ortega* (1998) 19 Cal.3th 686, 692.) But a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. (*People v. Ortega, supra*, at p. 692; *People v. Pearson* (1986) 42 Cal.3d 351, 355.)
>
> In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether "'all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense.'" (*People v. Lopez* (1998) 19 Cal.4th 282, 288.) In other words, "if a crime cannot be committed without also necessarily committing a lesser included offense, the latter is a lesser included offense within the former.'" (*Ibid.*)
>
> Here, the great offense, that is, the offense with the most elements, is carjacking. The lesser offense, which is the one with the fewest elements, is unlawfully taking a vehicle. [Footnote omitted.]
>
> "'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd.(a).) Unlawful taking of a vehicle, by contrast, is committed when a person "drives or takes a vehicle not his or her own, without the consent of the owner . . . and with intent either to permanently or temporarily deprive the owner . . . of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle. (Veh. Code, § 10851, subd.(a).)
>
> The Court of Appeal here concluded that the unlawful taking of a vehicle was *not* a lesser included offense of carjacking. It explained:"Carjacking is a crime against the possessor or passengers in a vehicle. [Unlawful taking of a vehicle] is a crime against the ownership." We agree. Applying the elements test to the two offenses here, the crime of unlawful taking a vehicle is not a lesser included offense of carjacking because a person can commit a carjacking without necessarily committing an unlawful taking of a vehicle.
>
> . . . .
>
> Defendant argues that even if the elements test for lesser included offenses is not met with respect to the two offenses here, the crime of unlawfully taking a vehicle does not constitute a lesser included offense of the crime of carjacking under the "accusatory pleading" test. That test looks to whether "the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified [some] lesser offense is necessarily committed." (*People v. Lopez, supra*, 19 Cal.4th at pp.288-289.) Generally, courts use that test to determine whether to instruct a jury on an uncharged lesser offense. (See *People v. Birks* (1998) 19 Cal.4th 108, 117; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368-369; *People v. Marshall* (1957) 48 Cal.2d 394, 405-407.) Some Court of Appeal decisions have concluded that the accusatory pleading test, which "protects the defendant's due process right to adequate notice before being convicted of a lesser offense *instead* of the charged offense [therefore] does not apply to considerations of whether multiple convictions are proper." (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467; accord, *People v. Scheidt* (1991) 231 Cal.App.3d 162, 165-71; *People v. Watterson* (1991) 234 Cal.App.3d 942, 947, fn. 15.) We need not decide here whether these decisions are correct because applying the accusatory pleading test in this case does not assist defendant.
>
> Consistent with the primary function of the accusatory pleading test - to determine whether a defendant is entitled to an instruction on a lesser uncharged offense - we consider *only*

the pleading for the greater offense. [Fn. omitted.] The greater offense here is carjacking, which alleged in count 1: "On or about May 11, 2001, Richard Montoya, did willfully and unlawfully take a motor vehicle *in the possession of another* or from the person or immediate presence of a passenger of the vehicle; namely a 1994 Jeep vehicle belonging to Amanda Locke, against their [*sic*] will, by means of force or fear with intent to permanently or temporarily deprive the person in possession of the motor vehicle, in violation of Penal Code section 215(A), a felony." (Italics added.) Although the accusatory pleading identifies Amanda Locke as the Jeep's owner, it does not say whether Locke or someone else had possession of the Jeep when it was unlawfully taken, and it does not mention that the taking was without Locke's (the owner's) consent, saying only that it was "against the[ ] will" of the unnamed person in possession. Thus the pleading for the greater offense of carjacking in this case does not also include the requisite allegations for the lesser offense of unlawfully taking a vehicle, which requires proof that the taking of a vehicle was without its owner's consent. [Fn.omitted.]

We affirm the judgment of the Court of Appeal.

As discussed above, sufficient evidence was presented at trial to support Petitioner's conviction of unlawful taking of a vehicle pursuant to Vehicle Code, § 10851, subd.(a). Further, Petitioner's claim that the element of force or fear necessary for carjacking was missing in this case is baseless and contrary to the record in this case. Finally, the court finds that by simply repeating the argument he made to the Court of Appeal, Petitioner has in no way demonstrated that the Court of Appeal's adjudication of the claim, subsequently adopted by the California Supreme Court, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court concludes that this contention provides no basis for habeas corpus relief.

<u>Ineffective Assistance of Counsel</u>

In his petition, Petitioner generally alleges that trial counsel's performance fell below an objective standard of reasonableness, which prejudiced Petitioner. He provides no detail. He further alleges that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. Respondent disputes this contention.

In his traverse, Petitioner argues that defense counsel did not file any discovery motions or suppression motions. Petitioner claims that defense counsel never conversed with Petitioner as to counsel's "professional expertise defense in [Petitioner's] case, didn't attempt to put on a meritorious defense, and did not attempt to exclude the evidence of the handgun. He claims that he was denied

material exculpatory evidence at trial, in that he was denied access to the handgun. He also makes unsupported claims that a conflict of interest existed.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. Id. at 687. This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985).

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland 's two-pronged test. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). Appealing every arguable issue would do disservice to the

1  Petitioner because it would draw an appellate judge's attention away from stronger issues and reduce
2  appellate counsel's credibility before the appellate court. Id.  Appellate counsel has no constitutional duty
3  to raise every nonfrivolous issue requested by petitioner. Id at 1434 n10 (*citing* Jones v. Barnes, 463 U.S.
4  745, 751-54, 103 S.Ct. 3308 (1983)).

5        In this case, the court finds that Petitioner is unable to demonstrate ineffective assistance of either
6  trial or appellate counsel.  Although  he makes  generalized claims that trial counsel failed to make
7  pretrial motions and failed to put on a meritorious defense,  Petitioner does not explain the basis for such
8  motions or defense or how either would have changed the outcome of the trial.  Similarly, Petitioner
9  provides no explanation of how defense counsel's alleged failure to converse with him changed  the
10 outcome of the trial.  Likewise, Petitioner's claim  that a conflict of interest existed is completely
11 unsupported.

12       As to Petitioner's claims that he was denied material exculpatory evidence at trial  in that he was
13 denied access to the handgun, the court again finds no prejudice. As Respondent argues, the jury found
14 the allegations of personal use of a firearm to be not true.   Thus, Petitioner was not subject to any
15 additional sentence enhancements based on the use of a firearm.   Further, Petitioner provides no legal
16 basis on which trial counsel could have moved to exclude all evidence concerning the handgun. The
17 victim of the crime testified that Petitioner pulled out a gun and pointed it at her.  Police officers testified
18 that the victim reported that Petitioner had pointed a gun at her, and in a subsequent search for weapon,
19 a gun was found in the driveway of a home in the neighborhood where the pursuit of Petitioner began.
20 The gun was tested for fingerprints, but no usable prints were found.  This fact alone, does not provide
21 a basis for excluding the evidence.

22       Finally, the court concludes that because Petitioner cannot show ineffective assistance of trial
23 counsel, it follows that he cannot prevail on his related claim of ineffective assistance of appellate
24 counsel.  The court concludes, therefore, that Petitioner has failed to carry his burden of demonstrating
25 that the California Supreme Court resolution of this issue, "resulted in a decision that was contrary to,
26 or involved an unreasonable application of, clearly established Federal law, as determined by the
27 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
28 determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

§ 2254(d). Accordingly, the court concludes that this contention provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That this petition for writ of habeas corpus be DENIED:

2) That a certificate of appealability be DENIED;

3) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

-IT IS SO ORDERED.

**Dated:   May 6, 2008**              **/s/  William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE